The opinion of the Court was delivered by
WARDLA'W, J.
In the former case named in the caption, *664 the defendant being a distiller, was found guilty of unlawfully trading with a slave. The trade charged in the indictment [was the sale of half a gallon of whiskey to a slave having no permit in writing so to deal. The defendant m.oves this Court in arrest of judgment, or alternatively for a new .trial, on the ground that the Act of 1834, 7 Stat. 469, repeals,-as., to distillers, vendors and. retailers, of spirituous liquors, the Act of. 1817, 7 Stat. 454, as to illicit traffic with slaves in articles generally. The appeal is well taken. The .case, of State vs. Brock, 11 Rich. 447, following the case of State vs. Evans, 3 Hill, 190, is completely decisive. The fact, however, that defendant was a distiller appears by the. proof and. not.by the pleadings, and in regular procedure judgments are arrested only for defect or fault manifested by the.-.record,-in fair intendment from the allegations. The arrest, is usually for something that would be fatal on demurrer, although, where the defect is substantial, it may prevail without actual demurrer. Bowdre vs. Hampton, 6 Rich. 214.
It is ordered that a new trial be granted.
In the latter case named in the caption, the defendant was convicted of retailing spirituous liquors without license, on proof of selling small portions of whiskey to a slave, twice, severally, both times being more than six months before the commencement of, the prosecution. Defendant moves in arrest of judgment, or for Dew trial, on the ground that the offence charged in the indictment was barred by the Act of Limitations of 1748, 3 Stat. 701. That Act provides, that where no time is limited, all prosecutions for fines, penalties and forfeitures, must be commenced within six months after the offences were committed. State vs. Eraser, 2 Bay, 96; State vs. James, 2 Bay, 216. A fine is barred by the lapse of this term, whether it be imposed as the exclusive punishment or in conjunction with other punishment. State vs. Fields, 2 Bail. 554; State vs. Free, 2 Hill, 628. But impri *665 sonment or other corporal punishment not coming within the meaning of fine or penalty, is not thus barred, whether imposed singly or cumulatively with fine or penalty. State vs. Lemon, 2 Hill, 628, and State vs. Free, Ib. The precise question made by this case, whether or not the bar applies where the punishment is imposed alternatively, fine or imprisonment, has not been distinctly adjudged heretofore, although the opinion of the Court on the question has been expressed obiter in the case of State vs. Lemon, 3 Hill, 628. That case turned on the point as to the bar of imprisonment by the Act of 1748, where the punishment prescribed is fine and imprisonment; but in pronouncing the judgment, Judge Earle says: “If the clause had been in the alternative, to pay a fine or to be imprisoned, the bar would apply; for it could not be permitted that the Court should select, in the exercise of its discretion, that mode of punishment which is not pecuniary, in order to avoid the limitation.” Upon like reasoning, it has been decided, that an indictment for hog stealing, where the punishment is to pay a fixed penalty, and on failure to be imprisoned, is barred in six months." State vs. Youngblood, 2 McC. 241.
Now, the Act of 1842, 11 Stat. 225, in unambiguous terms, excluding all dispute as to construction, enacts that, after the passing of the Act, “ in all cases of conviction for retailing without a license, it shall be in the discretion of the judge, either to impose the fine now provided by, law, or to imprison the offender for a term, not exceeding six months.” There is no room for discretion where the event has destroyed all contingency and option, and the fine being barred and the imprisonment not barred, the judge is inhibited from mitigating punishment in mild cases, and restricted to the severer form of punishment. If the Legislature had intended imprisonment to be simply cumulative of tbe penalty which was formerly the only punishment of this offence, a convict could not complain reasonably when made to undergo this *666 additional pain; but his clamor is just, when he must suffer that corporal punishment by the necessity of the case, against the will and judgment of the judge, which was intended for offenders of his class in instances of aggravation and enormity. In this case, again, the matter in bar is in pais, depending on evidence to be determined by the jury, and does not appear o'n the face of the record, so that arrest of judgment is not proper.
Ordered that a new trial be granted.
Johnstone, J., concurred;
O’Neall, 0. J., absent at the funeral of Colonel Preston.

Motion granted,